IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-106-JJF |
| | : | |
| DAYWON DRUMMOND, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS
EVIDENCE AND STATEMENTS**

Defendant, Daywon Drummond , by and through his undersigned counsel, Luis A. Ortiz, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing for use by the government any and all evidence obtained as a result of the warrantless search of 507 E. 35th Street.

As grounds for this motion, the defense submits as follows:

1.  On or about July 10, 2007, a warrantless search of Daywon Drummond's bedroom was conducted at 507 E. 35th Street, Wilmington, Delaware, by Kate Sweeney, who is Mr. Drummond's probation officer. A second probation officer was present during the search.

2.  The probation officer alleges that she was conducting a routine home visit and asked to see the defendant's room. The probation officer does not allege that she was there to execute an administrative search warrant.

3. Upon entering Mr. Drummond's bedroom the probation department alleges that Mr. Drummond's body language was somehow suspicious and that he was not making eye contact. Mr. Drummond was patted down and no contraband was recovered. Mr. Drummond was asked twice if there were weapons in the room. On the second occasion, he allegedly stated there was a shotgun by his bed. [1]

4. During a warrantless search of the bedroom, a gun was found.

5. Daywon Drummond was taken into custody after he allegedly made a number of incriminating statements to the probation officers.

6. The defense contends that the search of 507 E. 35th Street, the items seized from that residence, and any statements allegedly made by Mr. Drummond , were taken in violation of the United States Constitution.

7. "A probationer's home, like anyone else's, is protected by the Fourth Amendment's requirement that searches be 'reasonable.'" Griffin v. Wisconsin, 483 U.S. 868, 873 (1987) (citation omitted). Although searches must generally be conducted pursuant to a warrant, the Supreme Court has permitted exceptions "when special needs, beyond the normal need for law enforcement, make the warrant and probable cause impracticable." Id. (citing New Jersey v. T.L.O., 469 U.S. 325, 351 (1985)).

8. A State's operation of a probation system meets the "special needs requirement," and probationers have "conditional liberty properly dependent on observance of special [probation

---

[1] The facts contained in this motion were taken from the Discovery. By including these facts in its pre-trial motion, the defense in no way concedes that events transpired as stated in the Discovery. It is the defense's position that an evidentiary hearing is needed to further develop the facts with regard to this motion through the adversarial process.

restrictions]." Griffin, 482 U.S. at 873-74. Accordingly, "probation officers may search a probationer's residence based on a reasonable suspicion that the probationer is engaged in criminal activity therein." United States v. Bowers, No. CRIM.A 04-133 JJF, 2005 WL 1979142, at *3 (D.Del. Aug, 15, 2005).

9. In Bowers, the court summarized the Supreme Court's reasonable suspicion standard, and explained:

> Generally, for a suspicion to be reasonable, an officer must be able to articulate specific facts that support the suspicion, and thus, justify the intrusion. 'Anything less would invite intrusion upon constitutionally guaranteed rights based on nothing more substantial than inarticulate hunches.' In evaluating whether a particular search was reasonable, 'it is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the seizure 'warrant a man of reasonable caution in the belief that the action taken was appropriate?"

Id. at *4 (citations omitted).

10. In this case, the officers did not have reasonable suspicion to conduct the search of Mr. Drummond's home. The officers had no information indicating that Mr. Drummond was involved in any new illegal criminal activity. There was no indication of criminal behavior, and thus, the search was in violation of Mr. Drummond's Fourth Amendment rights.

11. Mr. Drummond also submits that any alleged statements made during, or subsequent to, his illegal search and seizure should be suppressed pursuant to the Fifth Amendment and Miranda v. Washington, 384 U.S. 436, 444 (1966) (stating that a suspect subjected to custodial interrogation must be advised of his rights prior to making a statement); see also Wong Sun, 371 U.S. 471 (stating that evidence from an illegal search must be suppressed in accordance with the "fruit of the poisonous tree doctrine").

12. Mr. Drummond reserves the right to file a Memorandum of Law in support of his Motion

to Suppress Physical Evidence and Statements after the completion of a hearing in this matter.

**WHEREFORE**, the defense respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an order to suppress the evidence as discussed above.

Respectfully Submitted,

/s/
Luis A. Ortiz, Esquire
Assistant Federal Public Defender
Attorney for Defendant Daywon Drummond

One Customs House
704 King Street, Suite 110
Wilmington, Delaware  19801
302-573-6010
ecf_de@msn.com

DATED:      September 14, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-106-JJF |
| | : | |
| DAYWON DRUMMOND, | : | |
| | : | |
| Defendant. | : | |

# **ORDER**

**AND NOW**, this ____ day of _____, 2007, upon consideration of the Defendant's Motion to Suppress Physical Evidence and Statements, and the Government's response thereto, it is hereby ORDERED that the Motion is GRANTED.

All physical evidence seized by law enforcement officials on _____,___ 2007, and statements made by Defendant to law enforcement officials on _____ ___, 2007, are hereby **SUPPRESSED**.  Such physical evidence and statements shall be inadmissible, for any purpose, by the Government.

                                           **BY THE COURT:**

                                           _____
                                           Honorable Joseph J. Farnan
                                           United States District Court Judge